IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD YOUNG,<br>　　　　　　Plaintiff | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. 06-160 |
| JEFFREY BEARD, Secretary of<br>Corrections (individual capacity); JOHN S.<br>SHAFFER, Executive Deputy Secretary<br>(individual capacity); WILLIAM S.<br>STICKMAN, Deputy Secretary;<br>RAYMOND J. SOBINA, Supervisory<br>Superintendent/Western Region; ALAN B.<br>FOGEY, Bureau of Health Care & Food<br>Services Director; HARRY E. WILSON,<br>Superintendent at S.C.I. Fayette; ROBERT<br>TRETINIK, Corrections Health Care<br>Administrator at S.C.I. Fayette; MICHAEL<br>SCRIBNER, Food Services Manager II at<br>S.C.I. Fayette; TOM MORAN, Food<br>Services Supervisor at S.C.I. Fayette;<br>DAVID SWEITZER, Food Services<br>Supervisor at S.C.I. Fayette; MICHAEL<br>HERBIK, D.O. at S.C.I. Fayette; ADAM<br>EBELMAN, State Medical Director for<br>S.C.I. Fayette; PRISON HEALTH<br>SERVICES INC. FOR S.C.I. FAYETTE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay |
| 　　　　　　Defendants | ) | Dkt. [23] |

REPORT AND RECOMMENDATION

RECOMMENDATION

　　　　It is respectfully recommended that the Medical Defendants' Motion to Dismiss be denied in part and granted in part. It should be denied as to all claims except it should be granted as to Plaintiff's procedural due process claims. In addition, pursuant to the Prison Litigation Reform Act, Plaintiff's claim that his food is prepared and cooked by prisoners and such violates Eighth Amendment standards should be dismissed for failure to state a claim.

REPORT

Richard Young, ("Plaintiff"), a state prisoner, has brought another civil rights action.[1]  In the complaint, he contends that while housed at SCI-Fayette, all of the defendants have denied him a medically necessary cardiac/diabetic diet, which is causing him physical harm. He claims that this violates his Eighth Amendment rights against cruel and unusual punishment.  Three of the many defendants have filed a motion to dismiss.  They are Dr. Adam Ebelman, who, according to the complaint, is the State Corrections Medical Director; Dr. Michael Herbik, a doctor at SCI-Fayette; and last, Prison Health Services, Inc., which is apparently the independent contractor company that has been contracted to provide medical services at SCI-Fayette.

    **A.**    **Relevant Procedural History**

Plaintiff, proceeding in forma pauperis and pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. [10].  Defendants Herbik, Edelman and Prison Health Services (collectively "the moving defendants") have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), contending that the complaint fails to state a claim upon which relief can be granted, Dkt. [23], and a brief in support. Dkt. [24].  Plaintiff filed a brief in opposition to the moving defendants' motion.  Dkt. [29].  In that brief, he requests that this court treat the moving defendants motion to dismiss as a motion for summary judgment.  Dkt. [29-1] at 1.  Insofar as he did not file a motion to request such, no separate order will be entered denying the request.  Suffice it to say that it would be unfair to treat the moving defendants' motion to dismiss as one for summary judgment when they have not been provided with a chance to engage in discovery.

    **B.**    **Standard of Review - Motion to Dismiss**

---

[1] In Young v. Beard, No. 04-407 (W.D. Pa.), Plaintiff brought a substantially similar suit, alleging denial of a medically necessary cardiac/diabetic diet.  No. 04-407 concerned conditions at SCI-Pittsburgh which was the prison Plaintiff was housed in immediately before being transferred to his current prison, SCI-Fayette.  That case is currently pending.

The Court of Appeals for the Third Circuit announced the standard of review applicable to motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6):

> [Courts] must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). We may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). It is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted. Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Given the liberal notice pleading standards of Fed.R.Civ.P. 8, the grant of a motion to dismiss should be rare. St. Joseph's Hosp., Inc. v. Hosp. Corp. of America, 795 F.2d 948, 953 (11th Cir. 1986) ("Although authorized by the Federal Rules of Civil Procedure, the liberal rules as to the sufficiency of a complaint make it a rare case in which a motion [to dismiss] should be granted."). Moreover, "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case[.]" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002). See also Nix v. Welch & White, P.A., 55 Fed.Appx. 71, 72 (3d Cir. 2003)("a complaint generally need not allege every element of a plaintiff's claim"). In light of this, the Court of Appeals for the Fifth Circuit has gone so far as to say that a "motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004)(quoting Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997)). Furthermore, "[b]ecause 'there are no special pleading rules for prisoner civil rights cases,' a complaint should not be dismissed if it specifies 'the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer.'" Perry v. Oltmans, 106 Fed.Appx. 476, 479 (7th Cir. 2004).

### C. The Complaint's Factual Allegations

The complaint alleges that the moving defendants "conspire on a daily basis with each other making sure to it that this plaintiff does not receive a medically approved diet for his very serious medical needs. These 3 medical defendants have cut off my cholesterol medicine, they have issue[d] medical orders to stop testing me for high levels of cholesterol, high levels of sugar, high blood pressure" except for once every six months. Dkt. [10] at 11 (upper case converted to correct case).[2] He alleges that they are responsible to order a medically necessary diabetic diet and that they refuse to do so. Plaintiff implies the reason for the conspiracy is that the moving defendants somehow benefit financially from their denial of medically necessary diet and treatment. Dkt. [10] at 12 ("these 3 defendants could care less about treating this Plaintiff[']s very serious medical needs with a properly ordered medical diet. Instead these are the very type of defendants that are financially rewarded for denying this Plaintiff a medically approved diet."). Furthermore, Plaintiff asserts these "3 defendants also permit unskilled inmates in place of certified dieticians to prepare and cook all of this Plaintiff[']s meals on a daily basis[.]" Dkt. [10] at 12.

### D. Discussion

#### 1. Moving Defendants' Motion to Dismiss

The moving defendants first argue that Plaintiff's allegations reveal merely that he is disagreeing with the medical determinations that 1) Plaintiff does not need a specially prescribed diabetic diet, and 2) he does not need medication to address his cholesterol levels and 3) that testing of Plaintiff once every six months is medically adequate. The moving defendants argue that such disagreements with medical determinations do not state an Eighth Amendment claim.

---

[2] Throughout his complaint and other documents, Plaintiff typed in all capital letters. When the court quotes from these documents, it will convert the case to the correct case hereinafter without any further notation of such.

4

What these arguments by the moving defendants fail to address is that Plaintiff is alleging that, as a matter of fact, he is indeed in medical need of the above and denying him such is the result of a conspiracy apparently to further the moving defendants' own financial interests.  Taking as true these facts, as we must, given the standard under Rule 12(b)(6), we cannot conclude that they fail to state a claim upon which relief can be granted. See, e.g.,  Sampson v. Berks County Prison, 171 Fed.Appx. 382, 386 (3d Cir. 2006)("We have indicated that deliberate indifference can be manifested by a variety of actions, including: (i) the denial of reasonable requests for medical treatment which expose an inmate to undue suffering; (ii) knowledge of the need for medical care and the intentional refusal to provide such care; or (iii) the delay of necessary medical treatment for non-medical reasons.").

    Next, the moving defendants argue that Plaintiff has no right to any particular type of food.  Dkt. [24] at 5.  They concede however that the "Eighth Amendment requires only that an inmate's food be adequate to maintain health and be prepared in a sanitary manner." Id.  Here, Plaintiff is alleging that given his diabetes, high cholesterol, and high blood pressure, he is in need of a special diet which is required if the "food [provided to him is to be] adequate to maintain health." Id.  Accepting as true the "fact" as alleged in the complaint that he suffers illnesses which require a special diet and that the moving defendants are aware of this and yet deny him such, we cannot conclude that such this is insufficient to state a claim upon which relief can be granted.  See, e.g., Edwards v. Duncan, 355 F.2d 993, 994 (4th Cir.1966) (per curiam) (complaint alleging  prison officials deprived prisoner of special medical diet required for heart condition stated a claim upon which relief could be granted).[3]

---

[3] Moving Defendants' citation to this court's decision in Sharp v. Johnson, No. 00-2156, 2005 WL 3560811 (W.D. Pa.  Dec. 28, 2005), for the proposition that an "inmate's dissatisfaction with his medically approved diet does not state an Eighth Amendment claim[,]" Dkt. 24 at 6, is unpersuasive.  In rendering judgment against the Plaintiff therein, the court stated:

Next, the moving defendants argue that the complaint reveals that Plaintiff being denied his cholesterol medication and being denied testing for his blood pressure, diabetes and cholesterol except for once every six months is simply a disagreement with his physician's decisions regarding his treatment. While this may ultimately prove to be the case, it is also possible, albeit far fetched, that the moving defendants entered into a conspiracy, as alleged by the complaint, to deny Plaintiff more frequent testing and/or drug treatment for his cholesterol and/or more efficacious drug treatment for his high blood pressure for reasons of financial self interest. Because there is a set of facts consistent with the allegations of the complaint upon which relief can be granted, the moving defendants' argument must be rejected at this stage of the litigation.

Next, moving defendants claim that Plaintiff has failed to state a claim against Dr. Edelman or PHS because at most he alleges liability against them based merely on respondeat superior theory.

The general rule in Section 1983 cases, such as this one, is that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Respondeat superior is a doctrine of vicarious liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for

---

As to Plaintiff's claim of inadequate dietary needs, the Defendants have filed documentation indicating that Plaintiff was on a medically-approved gastrectomy diet that consisted of small portions of food several times a day. Doc. 70 at Exs. G, H & I. To this end, Plaintiff was given a supplemental food bag in addition to his food tray, three times a day. Id. The content of his food trays and supplemental food bags was directed by the Clinical Dietician in Harrisburg. Id.

Id. at 3. In the Sharp case, the court considered evidentiary materials and so, was deciding a summary judgment motion, which is vastly different from the standards and burdens applicable to a motion filed pursuant to Fed.R.Civ.P. 12(b)(6), which is the motion at issue herein.

wrongs committed by the servant; the one held liable as master need not be at fault in any way." McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir.1979).  Hence, the only way a defendant can be liable under Section 1983 is based upon facts showing that the defendant was personally involved in depriving the civil rights of the plaintiff, i.e., personally engaged in wrongdoing.  However, contrary to moving defendants' contentions, a reading of the amended complaint makes clear that Plaintiff is not seeking to hold the moving defendants liable based merely on their relationship to underlings who engaged in wrongdoing.[4]  Rather, he seeks to hold them liable for their own wrongdoing, to wit, that they conspired together to deny him a medically necessary diet, and other medically necessary tests, medications etc., with knowledge that such was required for him to maintain health.   This is sufficient at this stage of the case.

Next, moving defendants argue that Plaintiff fails to state a claim of conspiracy.  It is true that a claim of conspiracy must be more than conclusory.  See, e.g., Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)("[t]he allegations [of conspiracy] must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'").  However, we find Plaintiff's allegations of conspiracy sufficient under Rose v. Bartle, given that Plaintiff alleged the roles of the moving defendants, i.e., failing to issue orders mandating his required diet, issuing orders to deny him some medication and more frequent testing, etc.  Plaintiff also suggested at least one objective of the conspiracy, i.e.,

---

[4] Compare moving defendants' contention that "[n]owhere in the complaint is it alleged that Dr. Edelman or PHS has either personally done or failed to do anything with regard to Plaintiff's complaints[,] Dkt. [24] at 8 with Plaintiff's Complaint alleging that "[t]hese 3 medical defendants have cut off my cholesterol medicine, they have issue[d] medical orders to stop testing me for high levels of cholesterol, high levels of sugar, high blood pressure" but for once every six months, Dkt. [10] at 11, and with "these 3 medical defendants have failed at all times to not prescribe and issue orders for this Plaintiff to receive a nutritionally well balanced diabetic/cardiac/low cholesterol diet at S.C.I. Fayette. Id., at 12.

7

financial self enrichment if the alleged conspirators were successful in denying him various treatments and diet.  He also sufficiently alleged the general composition of the conspiracy.[5]

Lastly, moving defendants invoke 42 U.S.C. § 1997e(e).[6]  They contend that Plaintiff's claims for compensatory damages must be dismissed because he seeks damages merely for "fears he might suffer some damages in the future to his internal organs."  Dkt. [24] at 11.  Plaintiff counters that he does not seek damages for mental or emotional injuries within the contemplation of Section 1997e(e) but is actually seeking monetary recompense for the physical injury he has already sustained or will sustain to his internal organs as a result of the moving defendants' actions or inactions with respect to treating Plaintiff's many illnesses.  Dkt. [29-1] at 5.  This is sufficient at this stage.  Because Plaintiff may be able to prove physical injury, and render

---

[5] In support of their contention that Plaintiff failed to state a claim of conspiracy, the moving defendants argued that

> First, Plaintiff **has no evidence** that Dr. Herbik, Dr. Edelman, PHS, or any other defendant, deprived Plaintiff of any Constitutional right. As described above, no Constitutional violation has occurred. And, in any event, Dr. Edelman and PHS had no direct or supervisory role with respect to the matters about which Plaintiff complains.
> Second, **there is no evidence** that Dr. Herbik, Dr. Edelman or PHS conspired with anyone. In fact, there are no specific allegations of how the alleged conspiracy was purportedly carried out. Instead, Plaintiff provides only broad, conclusory accusations, none of which are rooted in any specific factual pleading.
> Finally, in the absence of any alleged communications involving Dr. Herbik, Dr. Edelman or PHS in furtherance of the alleged conspiracy, there is a complete failure to properly allege a civil rights conspiracy.

Dkt. [24] at 10 (emphasis added).  The absence of evidence at this stage is irrelevant to the question posed by a motion filed under Fed.R.Civ.P. 12(b)(6). As to the remaining arguments, the court is satisfied that under the liberal pleading requirements of Fed.R.Civ.P. 8 and the liberal allowance for pro se plaintiffs, the complaint is sufficient to state a claim of conspiracy at this stage.

[6] Section 1997e(e) provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Section 1997e(e)'s bar inapplicable, moving defendants' request to dismiss the compensatory damages claim fails to persuade the court at this point.

Moving defendants' last argument is that Plaintiff fails to state a claim under the Fourteenth Amendment procedural due process guaranty. Dkt. [24] at 12. Plaintiff responds that "[p]risoners have a constitutional right against cruel and unusual punishment, binding states by the ratification of the Fourteenth Amendment. Adequate medical care is constitutionally afforded under the Eighth Amendment against cruel and unusual punishment. These three defendants failing to provide this Plaintiff with a therapeutic medical diet . . . threatens this Plaintiff's physical well being[.]" Dkt. [29-1] at 6. In light of Plaintiff's argument, we do not read Plaintiff's complaint to be making a Fourteenth Amendment procedural due process claim. Rather, we read Plaintiff's complaint to be making a Fourteenth Amendment substantive due process claim. Technically, the protections afforded by the Eighth Amendment against Federal governmental interference are applied against the states through the substantive component of the Fourteenth Amendment due process clause. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)); Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972)(Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."). As explained by one court:

> the Supreme Court has held that the prohibition against cruel and unusual punishment is "incorporated" into the Fourteenth Amendment's proscription of state deprivations of liberty without due process of law. Although the analytical basis for the "incorporation doctrine" has not been precisely articulated, the result which it establishes in this case is clear: freedom from cruel and unusual punishment is one aspect of the "liberty" recognized by the Due Process Clause, and this freedom is entitled to an identical degree of substantive protection from state infringement as that which applies to federal infringements under the Eighth Amendment.

United States ex rel. Hoss v. Cuyler, 452 F. Supp. 256, 281 (E.D. Pa. 1978)(footnote omitted). In light of the foregoing, the court recommends denial of the moving Defendants' motion as to the Fourteenth Amendment claim.  In other words, Plaintiff's complaint makes a claim of only one constitutional provision being violated, i.e., the Eighth Amendment **standards** barring cruel and unusual punishment as incorporated against the states via the Fourteenth Amendment's substantive due process provision, or more simply, a claim that his Fourteenth Amendment substantive due process right to be free of cruel and unusual punishment has been violated.   To the extent that Plaintiff was attempting to make a claim that he was denied procedural due process under the Fourteenth Amendment, the court agrees with the moving defendants, that the claim fails to state a claim upon which relief can be granted because the complaint fails to reveal the deprivation of any liberty or property interest as is required for making out a procedural due process claim. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000)(setting forth requirements for making a procedural due process claim).

        2.        Prison Litigation Reform Act dismissal

Lastly, because Plaintiff is a prisoner who is proceeding in forma pauperis, this court is required to screen the complaint pursuant to 28 U.S.C. §1915(e) of the Prison Litigation Reform Act.  Pursuant to that authority, the court recommends that the following claim be dismissed for failing to state a claim upon which relief can be granted.  Plaintiff complains that these "3 defendants [i.e., the moving defendants] also permit unskilled inmates in place of certified dieticians to prepare and cook all of this Plaintiff[']s meals on a daily basis[.]" Dkt. [10] at 12. He makes the same claim against all of the other defendants. Dkt. [10] at 7 (alleging that the first five named defendants "permit inmates on a daily basis to prepare and cook this plaintiff[']s meals, and these inmates are unskilled and not qualified to cook this plaintiff[']s meals. And

these violations are under the 8th amendment[']s prohibition against cruel and unusual punishment."); id. at 10 (same allegation against defendants 6 - 10).

      To establish a violation of the Eighth Amendment standards requires a showing that the prisoner has been deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992)(internal quotes omitted), *superseded by statute on other grounds as stated in* Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000). Demonstrating that one has been deprived of the minimal civilized measure of life's necessities requires a showing that one has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). Plaintiff's allegation that prisoners prepare and cook his food simply fails to meet this standard. There is no federal right to not have inmates prepare and cook food and it is simply not a violation of the Eighth amendment standards to not have registered dieticians cook and prepare the meals in place of the inmates. See e.g., Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir.1997) ("only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"). To the extent that Plaintiff's claim is that his meals are prepared in unsanitary conditions, such a claim is not dismissed. See, e.g., Nelson v. Cannon, 21 F.3d 423 (Table), 1994 WL 123915 (4th Cir. 1994)("We have held that failure to provide wholesome meals prepared in a sanitary fashion can be a cognizable Eighth Amendment claim.").

CONCLUSION

      In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                /s/ Amy Reynolds Hay
                                                AMY REYNOLDS HAY
                                                United States Magistrate Judge

Dated:  9 April, 2007

cc:     The Honorable Joy Flowers Conti
        United States District Judge

cc:     Richard Young
        EP-8117
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999

        Kathryn Kenyon, Esq.
        Pietragallo, Bosick & Gordon
        One Oxford Centre
        38th Floor
        Pittsburgh, PA 15219

        Mary Lynch Friedline
        Office of the Attorney General
        564 Forbes Avenue
        6th Floor, Manor Complex
        Pittsburgh, PA 15219