IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD YOUNG,<br><br>        Plaintiff,<br><br>        v.<br><br>JEFFREY BEARD, Secretary of Corrections;<br>JOHN S. SHAFFER, Executive Deputy Secretary;<br>WILLIAM STICKMAN, Deputy Secretary;<br>RAYMOND SOBINA, Supervisory Superintendent/<br>Western Region; ALAN B. FOGEL, Bureau of<br>Health Care & Food Services Director; HARRY<br>WILSON, Superintendent at S.C.I. Fayette;<br>ROBERT TRETINIK, Corrections Health Care<br>Administrator at S.C.I. Fayette; MICHAEL<br>SCRIBNER, Food Services Manager II at S.C.I.<br>Fayette; TOM MORAN, Food Services Super-<br>visor at S.C.I. Fayette; DAVIS SWEITZER, Food<br>Services Supervisor at S.C.I. Fayette; MICHAEL<br>HERBIK, D.O. at S.C.I. Fayette; ADAM<br>EBELMAN, State Medical Director for S.C.I.<br>Fayette; and PRISON HEALTH SERVICES, INC.,<br>for S.C.I. Fayette,<br><br>        Defendants. | Civil Action No.06-160<br><br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Re: Dkt. [39] |

**MEMORANDUM ORDER**

On May 29, 2007, Richard Young, ("Plaintiff") filed a motion to add two additional medical defendants. Dkt. [39]. For the reasons that follow, the motion will be denied.

Plaintiff sent to the court a pro se prisoner civil rights complaint on February 7, 2006, unaccompanied by a filing fee or an application to proceed in forma pauperis. The complaint was not filed until June 5, 2006. In that complaint he alleged that the defendants were denying him a diabetic/cardiac diet in violation of the Eighth Amendment.

Since then, some of the defendants have filed a motion to dismiss, Dkt. [23] which was granted in part and denied in part.  Dkts. [35] & [36].

On May 29, 2007, Plaintiff filed the present motion wherein he seeks to add two defendants to the lawsuit.  He alleges that in July 2006, he received his annual physical by Dr. Jin, one of the individuals Plaintiff wishes to add as a defendant.  Plaintiff complains that

> Doctor Jin performed this yearly physical on this Plaintiff, and Doctor (Jin) advised this Plaintiff that his blood sugar was high, his blood pressure was high and my triglycerides were also high, and this Plaintiff ask[ed] Doctor Jin to put his Plaintiff back on his cholesterol medicine, Doctor Jin's reply, you must lose weight, and stop eating so much bread and eat more vegetables and fruit, because these meals here at S.C.I. Fayette are very good for you, and therefore you do not need any cholesterol medicine to get your high cholesterol down, just lose weight, Doctor Jin just said that I should start exercising, and my cholesterol, high blood pressure, and high blood sugar count will all come down to normal ranges.

Dkt. [39] at ¶ 4 (case of letters changed from all upper case to appropriate case).[1]

Plaintiff also seeks to add Physician Assistant Chris Meyer as a defendant based upon the following allegations:

> Physician Assistant/Chris Meyer has also refused to put me back on my cholesterol medicine, or change my diabetic sugar pills, or change my high blood pressure medicine, but Chris Meyer has declined to do anything about this.

Id., at ¶ 5.

Because, Plaintiff seeks to add two defendants and because the acts of at least one of the defendants, i.e., Dr. Jin, clearly occurred after the filing of the original complaint, i.e., on and after July 2006, the Plaintiff's motion to add two defendants will be treated as a motion for leave to file a supplemental complaint.  See, e.g., Klee v. Pittsburgh & W. Va. Railway Co., 22 F.R.D. 252,

---

[1] Plaintiff used all upper case letters in his motion, hereinafter, all quotations from the motion will change the letters to the appropriate case without noting such.

254 (W.D. Pa. 1958)(a supplemental pleading is a pleading that recounts some matter that occurs after the beginning of the action or after a responsive pleading has been filed).

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading." The purpose of Rule 15(d) is to serve judicial economy. Hassoun v. Cimmino, 126 F.Supp.2d 353, 360 (D.N.J. 2000) ("Rule 15(d) serves judicial economy"). As the use of the term "may" in Rule 15(d) suggests, "[t]he decision to grant or deny a motion to amend is entrusted to the sound discretion of the district court." Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995). In exercising this discretion, the courts may "deny leave to supplement when it would cause undue delay or prejudice, to the opposing party, or if the supplementing party has shown bad faith or dilatory motive." Moore's Fed. Practice 3d ed. § 15.30. Instantly, to allow this late addition of two new defendants would only serve to delay the disposition of the instant case and dis-serve the interests of judicial economy.

In addition, as the Supreme Court explained in Foman v. Davis, 371 U.S. 178, 182 (1962), a motion for leave to amend may be denied because the amendment would be futile. Here, the motion should be denied because it would be futile to include these two new defendants. As to Doctor Jin, the allegations show merely that Dr. Jin's professional opinion was that Plaintiff could control his physical problems with diet and exercise and that Dr. Jin's professional opinion was that the diet provided at SCI-Fayette was an appropriate diet in order for Plaintiff to do so. A physician's belief that diet and exercise can control blood sugar, blood pressure and cholesterol, and a recommendation that the Plaintiff attempt to control such problems with diet and exercise simply does not amount to the deliberate indifference required to make out an Eighth Amendment

claim. Plaintiff's contrary belief, i.e., that he needs medication to do so, even if sincerely held, does not state an Eighth Amendment claim but merely amounts to a simple disagreement over the proper course of treatment for Plaintiff's conditions. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987)(holding that "mere disagreement as to the proper medical treatment [does not] support a claim of an eighth amendment violation."). At most, Plaintiff's claims against Dr. Jin reveal a disagreement as to the appropriate course of treatment for Plaintiff's conditions and such is insufficient to state a claim.

As to Physician Assistant Chris Meyer, the fact that he would not countermand Dr. Jin's decision/orders and refused to put Plaintiff back on his cholesterol and other medicines, does not amount to deliberate indifference because it was not within the Physician Assistant's competence, or authority to undo what Dr. Jin, a physician, did or ordered, for, it is only common sense that a physician assistant, with less training than a physician may not undo what the more highly trained physician has done.[2] Even if it were not common sense, the law is clear that the physician takes precedence over the physician assistant. See, e.g., 49 Pa.Code § 18.122 (defining supervision of a Physician Assistant by a physician to include "Active and continuing overview of the physician assistant's activities to determine that the **physician's** directions are being implemented.") (emphasis added). Accordingly, Physician Assistant Meyer cannot be deliberately indifferent simply based on the fact that he did not (because he could not) order medications for Plaintiff's conditions when a physician ordered Plaintiff to treat his conditions with diet and exercise.

For the foregoing reasons the motion for leave to supplement is **DENIED**. See, e.g., Robinson v. Shannon, NO. CIV. 3:CV-04-2777, 2005 WL 2416116, *2 (M.D.Pa. Sept. 30, 2005)

---

[2] "[W]hat we know as men and women . . . we must not forget as judges." Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998).

("Furthermore, to permit Plaintiff to insert into this action new claims against additional defendants would allow him to circumvent the filing fee requirements of the Prison Litigation Reform Act. Accordingly, leave to amend the complaint will be denied.").

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court. Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto. Failure to timely file an appeal may constitute a waiver of any appellate rights.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: June 19, 2007

cc:    Richard Young
       EP-8117
       SCI Fayette
       Box 9999
       LaBelle, PA 15450-0999

       All counsel of record by Notice of Electronic Filing