IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.06-160 |
| JEFFREY BEARD, Secretary of Corrections; | ) | |
| JOHN S. SHAFFER, Executive Deputy Secretary; | ) | |
| WILLIAM STICKMAN, Deputy Secretary; | ) | |
| RAYMOND SOBINA, Supervisory Superintendent/ | ) | Judge Joy Flowers Conti/ |
| Western Region; ALAN B. FOGEL, Bureau of | ) | Magistrate Judge Amy Reynolds Hay |
| Health Care & Food Services Director; HARRY | ) | |
| WILSON, Superintendent at S.C.I. Fayette; | ) | |
| ROBERT TRETINIK, Corrections Health Care | ) | |
| Administrator at S.C.I. Fayette; MICHAEL | ) | |
| SCRIBNER, Food Services Manager II at S.C.I. | ) | |
| Fayette; TOM MORAN, Food Services Super- | ) | |
| visor at S.C.I. Fayette; DAVIS SWEITZER, Food | ) | |
| Services Supervisor at S.C.I. Fayette; MICHAEL | ) | |
| HERBIK, D.O. at S.C.I. Fayette; ADAM | ) | |
| EBELMAN, State Medical Director for S.C.I. | ) | |
| Fayette; and PRISON HEALTH SERVICES, INC., | ) | |
| for S.C.I. Fayette, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Re: Dkt. Nos. [54] & [64] |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on

February 7, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation ("Report"), Dkt. [81], filed on April

4, 2008, recommended that the Defendants' Motions for Summary Judgment, Dkt. Nos. [54] & [64], be granted due to the procedural default of the claims of plaintiff Richard Young ("Plaintiff") against all defendants except for Tom Moran ("Moran"), or in the alternative because Plaintiff failed to adduce evidence of both the subjective and objective prongs of his Eighth Amendment claim. Service was made on Plaintiff at SCI Greene, 175 Progress Drive, Waynesburg, PA 15370, which was Plaintiff's address of record. Plaintiff filed objections. Dkt. [82]. The court will briefly address those objections.

The Report recommended the grant of summary judgment on two grounds: first on the ground that Plaintiff procedurally defaulted his claims against all defendants except for defendant Moran by failing to name them in his grievances; second, on the ground that Plaintiff failed to adduce evidence of either the subjective prong or the objective prong of his Eighth Amendment claims. In his objections, Plaintiff only challenges one of these grounds, namely, the procedural default ground. Even if Plaintiff were successful in his challenge to the procedural default ground, the Report's recommendation that the summary judgment motions be granted on the ground that Plaintiff failed to adduce evidence to support his Eighth Amendment claim would be accepted by this court because Plaintiff did not object to that ground.

Assuming for the purpose of argument that the court needed to consider the procedural default issue, the court would overrule Plaintiff's objections with respect to the procedural default rationale. The Report extensively analyzed the evidence that Plaintiff pointed to in support of his claim that he exhausted to all three levels. The Report concluded that the only grievances which Plaintiff claims he exhausted to the third level prior to initiating this suit failed to establish proper exhaustion because Plaintiff did not name in the grievances any of the

defendants who were sued in this case, except for defendant Moran. The Report concluded that Plaintiff procedurally defaulted his claims as to all the defendants except for defendant Moran.

In his objections, as well as previously in his response to the summary judgment motions, Plaintiff claims that his efforts to exhaust to the third level were interfered with by corrections officers. As noted by the Report, these allegations made by Plaintiff in his response to the summary judgment motion were not made in the form of an affidavit and did not qualify as evidence so as to create a genuine issue of material fact. Dkt. [81] at 10. The Report correctly concluded that Plaintiff failed to show a genuine issue of material fact because there was no evidentiary material to support Plaintiff's claims of interference.

Even if Plaintiff's unsworn statements in his objections were accepted as true, i.e., that corrections officers generally interfered with Plaintiff's attempts to file grievances for over the thirty months that Plaintiff was in restricted housing units at SCI-Pittsburgh and SCI-Fayette, the Report recommendation still would be accepted.

Plaintiff argues in his objections that the Report found "THIS PLAINTIFF HAS NOT EXHAUSTED HIS STATE PRISON ADMINISTRATIVE REMEDIES TO THE 3RD STEP LEVEL WHICH WOULD HAVE BEEN TO THE CHIEF GRIEVANCE OFFICE AT CAMP HILL PENNSYLVANIA." Dkt. [82] at 1, ¶1. Plaintiff alleges, albeit without a supporting affidavit, that corrections officers interfered with his attempts to file to the third level by confiscating his grievance forms in his cells and not mailing out his third level appeals. See, id., at ¶ 2 (Corrections officers "CONFISCATE[D] ANY COMPLETED GRIEVANCES THAT WERE GOING TO GE FILED TO CAMP HILL."); id., at 2 ("THEY WOULD NOT LET MY GRIEVANCES BE MAILED OUT TO THE 3RD LEVEL OF APPEAL."). Plaintiff's

3

arguments, however, do not address the relevant issue.

The Report did not conclude that Plaintiff failed to exhaust because he failed to file to the third level. The Report concluded that although Plaintiff asserted in an unsworn brief that he filed to the third level on six different grievances (the "grievances in issue"), Plaintiff included in the evidentiary submissions he made only one of those six grievances in issue, i.e., no. 80141. Dkt. [81] at 7 to 8. In addition, Plaintiff included in his evidentiary submissions two other grievances (the "grievances not in issue"), namely, no.80599 and no. 160307. With respect to grievance no. 80141, one of the grievances in issue, and grievance no.160307, one of the grievances not in issue, the Report did **not** conclude that Plaintiff failed to file to the third level, which is what Petitioner objects to in his objections; rather, the Report assumed that Plaintiff had filed to the third level. Even having done so, however, Plaintiff procedurally defaulted his claims with respect to all the defendants sued in this case, other than defendant Moran. None of the defendants, except for defendant Moran, was named in either of these two grievances. See Report, Dkt. [81] at 9 ("Hence, accepting Plaintiff's version as true, i.e., that he, in fact, filed to the both the second and third levels on Grievance Nos. 80141 and 160307, the evidentiary record which Plaintiff points to establishes that Plaintiff has failed to exhaust with respect to all defendants, other than Moran and Tretinik, and hence, summary judgment should be entered in favor of all defendants other than Moran and Tretinik, based on Plaintiff's failure to exhaust."). Accordingly, Plaintiff's argument, that his attempts to file to the third level with respect to these grievances were interfered with, misses the issue[1]. The Report assumed that Plaintiff filed these

---

[1] The Report made this very point. Dkt. [81] at 11("Plaintiff asserts that he did in fact file to the third level on these grievances, and the Court accepts this as true for purposes of
(continued...)

4

two grievances to the third level, but concluded that the only grievances in issue which Plaintiff claimed were filed to the third level **and** which he provided evidence of, were inadequate because they failed to name defendants other than Moran.

One of the grievances not in issue that Plaintiff apparently contended he exhausted to the third level is grievance no. 80599. The Report concluded that Plaintiff had adduced no evidence of having filed a second level or third level appeal with respect to that grievance. Dkt. [81] at 8 n.6. Even assuming that Plaintiff filed to the third level with respect to grievance no. 80599, the procedural default rationale of the Report holds true for this grievance as well. Plaintiff named only two individuals in this grievance, i.e., Dr. Lenz and defendant Robert Tretinik ("Tretinik"). Dr. Lenz is not a defendant in this case, but Tretinik is a defendant. Assuming for purposes of argument that Plaintiff filed to all three levels on grievance no. 80599, for which Plaintiff offers no evidence that he did, nor any specific argument that this was one of the grievances in issue that the corrections officers interfered with, this court would still conclude that Plaintiff procedurally defaulted all his claims with respect to grievance no. 80599 against all defendants, other than Tretinik.

In light of the foregoing, Plaintiff's objections are found to be without merit.

After de novo review of the pleadings and the documents in the case, together with the Report, the following order is entered:

---

[1](...continued)
resolving this summary judgment motion. Hence, Plaintiff's rather general argument that some times prison employees interfered with some of his attempts to exhaust simply is not relevant to the present case where the only Grievance which is relevant, i.e., No. 80141, was, for purposes of resolving this summary judgment motion, deemed exhausted to the third level.")(footnote omitted).

AND NOW, this 30th day of June, 2008;

IT IS HEREBY ORDERED that the motions for summary judgment, Dkt. Nos. [54] & [64] are GRANTED.

IT IS FURTHER ORDERED that the Report and Recommendation, Dkt.[81], filed on April 4, 2008, by Magistrate Judge Hay, is adopted as the opinion of the court as supplemented by this memorandum order.

The clerk shall mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Hon. Amy Reynolds Hay
United States Magistrate Judge

Richard Young
EP-8117
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record by Notice of Electronic Filing